IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LORETTA LYNN JEZBERA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV3217 |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM** |
| Commissioner of Social Security | ) | **AND ORDER** |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

  The administrative law judge ("ALJ") who denied Plaintiff's claim for benefits ordered a consultative physical examination after the hearing. The doctor who performed that examination gave two opinions: those contained in a narrative medical report dated October 24, 2005 (T. 276-80) and those contained in a Medical Source Statement dated October 24, 2005 (T. 283-86). The primary claim of error is that although the ALJ addressed the narrative opinion, he failed to discuss the Medical Source Statement. I find that this error requires me to reverse and remand.[1]

  John J. Cannella, M.D. performed a consultative physical examination on October 24, 2005. Dr. Cannella wrote a narrative medical report, which included the statement that Plaintiff's "persistent problems both at rest, sitting, and certainly with ambulating would preclude her gainful employment at this point," and noted "[h]owever, perhaps some measures such as Jobst stockings or other devices may help control her edema." (T. 279-80.) The narrative medical report also stated that "[t]he statement of ability to do work-related activities [sic] has been filled out and will be forwarded to you." (T. 279.) Thus it is clear to any reader of the narrative report that an additional opinion was forthcoming. The additional document referenced in the narrative opinion is the Medical Source Statement, which expresses Dr. Cannella's

---

  [1]Because it is unnecessary to do so, I do not reach the other claims of error asserted by Plaintiff.

opinions as to Plaintiff's specific functional limitations. (T. 283-86.) In the Medical Source Statement, Dr. Cannella opines that Plaintiff can stand or walk for "less than 2 hours in an 8-hour workday" (T. 283) and can sit for "less than about 6 hours in an 8-hour workday" (T. 284).

The ALJ made these observations about Dr. Cannella:

> Dr. Cannella stated his opinion that the claimant's "persistent problems both at rest, sitting, and certainly with ambulating would preclude her gainful employment at this point." The undersigned gives little weight to this opinion because it is not a <u>medical</u> opinion (SSR 96-2p), it is on an issue reserved to the Commissioner (SSR 96-5p), and is inconsistent with other substantial evidence in the record. In addition, after stating his opinion, Dr. Cannella went on to state the following: "However, perhaps some measures as Jobst stockings or other devices may help control her edema."

(T. 18-19 (emphasis in original).)

Though the quoted language states a reason for discounting Dr. Cannella's opinion, it clearly relates only to the *narrative* opinion of Dr. Cannella. As the Commissioner acknowledges, "the ALJ did not specifically reference the *medical source statement* (MSS) completed by Dr. Cannella . . . ." (Filing 15, D.'s Br. at 6 (emphasis added).) I cannot assume that the quoted language refers to the functional limitations of the Medical Source Statement. For instance, the narrative opinion could be discounted because it was not a medical opinion, but the functional limitations noted in the Medical Source Statement are medical opinions. Not only are those functional limitations medical opinions, they are supported by Dr. Cannella's medical findings. (T. 281-82.)² There is no indication in the ALJ's opinion that he

---

²An "Addendum Medical Report" in narrative form and dated October 26, 2005 contains additional medical findings. It makes "reference to the M3 on this applicant" and explains answers to specific questions. (T. 281-82.) It is unclear what

2

was aware of, or considered, the specific functional limitations noted in Dr. Cannella's Medical Source Statement. This is critical because the ALJ's RFC assessment is at odds with the sit/stand/walk limitations noted by Dr. Cannella, and under Dr. Cannella's assessment, Plaintiff does not have the capacity for sedentary work.

If Dr. Cannella's Medical Source Statement opinion is credited, then Plaintiff can stand or walk for "less than 2 hours in an 8-hour workday" (T. 283) and can sit for "less than about 6 hours in an 8-hour workday" (T. 284). The ALJ found that Plaintiff has the ability to "stand and/or walk for up to 2 hours in an 8-hour workday" and to "sit for up to 6 hours in an 8-hour workday." (T. 22) The ALJ found that Plaintiff was capable of sedentary work. (T. 21, 22 (ALJ's opinion), T. 387 (hypothetical question to vocational expert at hearing).) By definition, the ability to do the full range of sedentary work "requires that an individual be able to stand and walk for a total of approximately two hours out of an eight-hour day" and requires that the individual be able to "sit for a total of 6 hours in an 8-hour work day . . . ." SSR 96-9p (1996), *available at* 1996 WL 374185, at \*6. The ALJ nowhere explains why he apparently rejected Dr. Cannella's specific limitation on sitting, standing and walking.

As a result, the ALJ's residual functional capacity assessment is not founded upon substantial evidence in the record and reversal and remand must follow. *See,*

---

"M3" refers to, as the question numbers referenced in the Addendum Medical Report do not correlate to the question numbers of the Medical Source Statement. *Compare* T. 281-82 (Addendum references to questions 11-14) *with* T. 283-86 (Medical Source Statement, containing no questions numbered 11-14). Nonetheless, the statements in the Addendum Medical Report are medical findings which support the opinions in the Medical Source Statement. For instance, Dr. Cannella explains that "[t]here was edema and a discoloration of the right lower leg due to venostatis" and that he "did not have her tandem walk or walk on her heels and toes due to my fear that she might injure herself." (T. 281).

3

e.g. *McCadney v. Astrue*, 519 F. 3d 764, 767 (8th Cir. 2008) ("Our primary difficulty is not with the possibility that the ALJ discounted [the consulting expert's] opinion, as an ALJ is free to discount a physician's report if the record warrants this. The problem with the ALJ's opinion is that it is unclear whether the ALJ *did* discount [the expert's] opinion, and, if it did so, why." (emphasis in original; citation omitted).

    This is not a mere drafting error. While the ALJ was not required to defer to the doctor hired by the government, the ALJ is required to consider and evaluate the opinion of a medical consultant as to functional limitations and to specifically address those functional limitations in his or her decision. *See* SSR 96-6p (1996), *available at* 1996 WL 374180, at *4 ("[T]he administrative law judge . . . must consider and evaluate any assessment of the individual's RFC by a State agency medical . . . consultant" and "RFC assessments by State agency medical . . . consultants . . . are to be considered and addressed *in the decision* . . . .") (emphasis added); *Cayou v. Astrue*, No. 4:07CV3153, filing 15, *available at* 2008 WL 750535 (D. Neb. March 18, 2008) (remand to allow the ALJ to address a potentially consequential consulting physician's opinion not addressed in the ALJ's decision; explaining why remand is required even if reviewing judge probably would deny benefits if the decision were his or hers to make in the first instance).

    Accordingly,

    IT IS ORDERED that the decision appealed from is reversed and this case is remanded to the Commissioner for further proceedings consistent with this opinion. A separate judgment will be entered.

    May 21, 2008.                  BY THE COURT:

                                      *s/ Richard G. Kopf*
                                      United States District Judge